THE STATE, DEFENDANT IN ERROR, v. T. WISTAR BROWN, JR., PLAINTIFF IN ERROR.

Argued June 25, 1908—Decided November 16, 1908.

Defendant having been convicted in the quarter sessions, after trial by jury, and having reviewed the conviction in the Supreme Court on ordinary bills of exceptions and assignments of error, without availing himself of the more extensive review permitted by section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), and having thereupon sued out a writ of error from this court to review the judgment of the Supreme Court, and having applied here upon the argument for leave to amend the record or to have it remitted to the court below for amendment in such manner as to enable him to have the benefit of the review permitted by section 136—*Held*, that the application comes too late.

On error to the Supreme Court.

For the plaintiff in error, *Matthew Jefferson* and *John W. Wescott.*

For the state, *Lewis Starr* and *Harry S. Douglass.*

The opinion of the court was delivered by·

PITNEY, CHANCELLOR.    The plaintiff in error was indicted by the grand jury of Cape May county upon eight indictments.    Two of these were for assault and battery upon two of his children, and the remaining six were for violating, with respect to each of his six children, the act of March 24th, 1903 (*Pamph. L., p.* 92), which declares that whoever, having the care, ·custody or control of any child, shall willfully cause or permit the life of such child to be endangered, or its health to be injured, or who shall willfully cause or permit such child to be placed in such situation that its life may be endangered, or its health injured, &c., shall be guilty of a misdemeanor.

By consent the eight indictments were tried together, with the result that the accused was found guilty upon the six indictments under the act of 1903, and acquitted upon the two indictments for assault and battery.    Sentence having been imposed upon five of the convictions, and suspended upon the sixth, the five convictions were brought under review before the Supreme Court upon a single writ of error. The propriety of this omnibus review is not now under consideration.

The case came up on ordinary bills of exceptions and assignments of error, the defendant not having seen fit to avail himself of the more extensive review permitted by section 136 of the Criminal Procedure act.    *Pamph. L.* 1898, *p.* 915.

In the Supreme· Court there was a judgment of affirmance, and that judgment is brought under review by the present writ of error.

The burden of the argument here is that the verdict of the jury was contrary to the clear weight of the evidence.    It is hardly necessary to say that this court cannot properly reverse upon that ground.

Upon the few questions of law that are open to discussion, we agree in the main with the views expressed in the *per curiam* opinion of the Supreme Court.

It is to be noted, however, that the case does not require

a decision of the question whether the act of 1903, properly construed, makes it a misdemeanor to willfully cause a child to be placed in such a situation that its life may be, but is not, endangered, or its health may be, but is not, injured. For the trial judge in his instructions to the jury placed the case before them upon a construction of the act that required actual danger to the life or injury to the health of the child as an essential element of the offence charged.

Some of the questions of law that were raised in argument here were not made the subject-matter of any bill of exceptions in the trial court. Upon this circumstance being called to the attention of counsel for the plaintiff in error, they asked that the record might be amended, or that it might be remitted to the court below for amendment, in such manner as to enable plaintiff in error to have the benefit of the review permitted by section 136 of the Criminal Procedure act. What action the Supreme Court might have taken if a similar application had been presented to it while the case was there pending, is not for us to say. We think the application now comes too late.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   14.

*For reversal*—None.